# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEQONTAE H. SWANIGAN,**

    Plaintiff,

  v.                                                                          Case No. 19-CV-984

**TIFFANY ORTEGA,**

    Defendant.

## ORDER

The defendant has moved to modify the deadlines in the scheduling order and to compel plaintiff Deqontae Swanigan's responses to her discovery requests. Defense counsel explains that defendant Tiffany Ortega served her first set of discovery requests on February 17, 2020. When Swanigan failed to timely respond, counsel informed Swanigan via letter that, if he did not respond by April 1, 2020, Ortega would file a motion to compel. On April 1, counsel's letter was returned as undeliverable because Swanigan was no longer incarcerated at the Kenosha County Detention Center. Defense counsel then searched the Wisconsin Department of Corrections website and sent another letter to Swanigan at his current place of incarceration. Ortega filed her motion the following day.

I will extend the discovery and dispositive motion deadlines; however, I will deny without prejudice Ortega's motion to compel. Civil Local Rule 37 requires a party to attempt to confer in good faith with an opposing party before filing a

discovery motion. The reason is that many disputes can be resolved informally without the court's involvement, saving the parties and the court time and resources. Although I applaud counsel's efforts to locate Swanigan, I note that counsel re-mailed the letter to Swanigan the day before Ortega filed her motion. Obviously, Swanigan did not receive counsel's letter before the motion was filed, so he has not had an opportunity to review it and respond accordingly.

I remind Swanigan that, if he wants to continue with this case, he must participate in discovery. If he objects to or has concerns about particular requests, he must raise those objections and concerns with defense counsel; simply ignoring Ortega's requests is not an option. I understand that Swanigan's transfer to a new institution may have impacted his ability to timely respond to Ortega's requests. Again, however, it is Swanigan's responsibility to notify defense counsel of obstacles he is facing so that the parties can find a workable solution. Finally, I remind Swanigan that he must notify the court if there are changes to his contact information. It is not the court's or Ortega's obligation to figure out how to reach him.

If defense counsel's efforts to confer in good faith with Swanigan prove unsuccessful, Ortega may renew her motion to compel. I will not look favorably upon a refusal to participate in discovery. I remind Swanigan that, under Civil Local Rule 41(c), "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

**IT IS THEREFORE ORDERED** that the defendant's motion to enlarge the deadlines (ECF No. 24) is **GRANTED**. The discovery deadline is **EXTENDED** to **June 15, 2020.** The dispositive motion deadline is **EXTENDED** to **July 15, 2020**.

**IT IS FURTHER ORDERED** that the defendant's motion to compel is **DENIED without prejudice**.

Dated in Milwaukee, Wisconsin, this 3rd day of April, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge